UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH B. HUNTER,

    Plaintiff,

v.                                                CASE NO. 5:12-cv-496-Oc-23PRL

CHARLES E. SAMUELS, et al.,

    Defendants.
_____/

**ORDER**

Serving a sentence in the custody of the Federal Bureau of Prisons, Hunter proceeds on a second amended complaint (Doc. 12) under 28 U.S.C. § 1331. The defendants move (Doc. 28) to dismiss for failure to disclose prior litigation. Hunter responds. (Doc. 29)

Hunter executed the civil rights complaint under penalty of perjury. Section IV of the civil rights complaint form requires a prisoner to disclose "all prior civil cases" in state and federal court "dealing with the same or similar facts/issues involved in this action." Hunter disclosed three cases. When asked to disclose whether he had "any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," Hunter checked "No" (Doc. 12, p. 9; Doc. 10, p. 16). However, the defendants identify several cases undisclosed by Hunter: *Hunter v. District of Columbia*, Case No. 1:01-cv-01794 (D.D.C. Oct. 24, 2002) (dismissed for failure to state a claim); *Hunter v. District of Columbia*, Case No. 1:01-cv-01850 (D.D.C. Oct. 25, 2002) (dismissed for failure to state a claim); *Hunter v. District of*

*Columbia*, Case No. 1:01-cv-2502 (D.D.C. Oct. 24, 2002) (dismissed for failure to state a claim); *Hunter v. District of Columbia*, Case No. 1:01-cv-2416 (D.D.C. Oct. 25, 2002) (dismissed for failure to state a claim); *Hunter v. District of Columbia*, Case No. 1:01-cv-2321 (D.D.C. Dec. 20, 2001) (dismissed prior to service); *Hunter v. Olson*, Case No. 1:04-cv-1640 (finding that Hunter had accumulated at least three "strikes" under 28 U.S.C. § 1915(g) and dismissed for failure to pay the filing fee).

The absence of any basis for excusing a plaintiff's failure to disclose and truthfully describe previous lawsuits – as clearly required on the court's prisoner civil rights complaint form – warrants dismissal for abuse of the judicial process. For example, *Redmon v. Lake County Sheriff's Office*, 414 Fed. Appx. 221, 225 (11th Cir. Feb. 10, 2011),[*] affirms the dismissal of a prisoner's civil rights complaint for failure to disclose a previous lawsuit. Although the plaintiff argued that he "misunderstood" the form, the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Redmon* determines that dismissal is a proper sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's

---

[*] Under 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

> *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

414 Fed. Appx. at 225. In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the court's efficient management of prisoner litigation by showing whether a complaint is related to, or affected by, another case. A plaintiff's failure to exercise candor in completing the form – while acknowledging that the answers are made under penalty of perjury – impedes the court's management of its caseload and merits dismissal.

In his response (Doc. 29), Hunter offers no reason for his lack of candor. Hunter's failure under penalty of perjury to fully disclose his previous actions constitutes an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). An appropriate sanction is dismissal of the complaint.

### Conclusion

The defendants' motion to dismiss (Doc. 28) is **GRANTED.** This case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed (1) to enter judgment dismissing the action without prejudice, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on September 25, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE